# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ANDREA DEMOS, )  | |
| ) | |
| Plaintiff, ) | Case No. _____ |
| ) | |
| v. ) | |
| ) | |
| JEREMEY SCHNEIDER, ) | |
| JAMES MENDRICK, and ) | |
| DUPAGE COUNTY, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, Andrea Demos, by her attorney, Arlo Walsman of the Arlo Law Office, hereby brings the following complaint against Defendants, Jeremey Schneider, James Mendrick, and DuPage County.

## JURISDICTION AND VENUE

1. Plaintiff brings her federal claims pursuant to 42 U.S.C. §1983 to address the deprivation, under color of law, of her rights under the United States Constitution.

2. Plaintiff also brings a state law claim for intentional infliction of emotional distress.

3. This Court has jurisdiction of this case pursuant to 28 U.S.C. §§1331, and 1367.

4. Venue is proper under 28 U.S.C. §1391(b), because all of the parties reside in this judicial district and the events giving rise to this complaint occurred within this district.

## PARTIES

5. Plaintiff is a resident of Lisle, DuPage County, Illinois.

6. Upon information and belief, Defendant Jeremey Schneider is a resident of DuPage County, Illinois.

7. Upon information and belief, Defendant James Mendrick is a resident of DuPage County, Illinois.

8. At all times relevant to this complaint, Defendant James Mendrick was the sheriff of DuPage County, and was responsible for the oversight and operation of the DuPage County Jail.

9. Defendant James Mendrick is sued in his individual capacity.

10. Defendant DuPage County is a local government entity in the State of Illinois and has the responsibility of funding and oversight at the DuPage County Jail.

## FACTS COMMON TO ALL COUNTS

11. On and before February 5, 2021, Plaintiff suffered from complex regional pain syndrome ("CRPS") and fibromyalgia and took medications for these diseases.

12. On or about February 5, 2021, Plaintiff was at a Metra station and was take into custody by Defendant Jeremey Schneider regarding an outstanding warrant.

13. On or about February 5, 2021, Defendant Jeremey Schneider transported Plaintiff from the Metra station to the DuPage County Jail.

14. On or about February 5, 2021, while Plaintiff was an inmate at the DuPage County Jail, she asked Defendant Jeremey Schneider why she was in custody and what she was being charged with.

15. On or about February 5, 2021, while Plaintiff was an inmate at the DuPage County Jail, she asked Defendant Jeremey Schneider for her medications.

16. On or about February 5, 2021, while Plaintiff was an inmate at the DuPage County Jail, she informed Defendant Jeremey Schneider, and other correctional officers and staff

2

at the DuPage County Jail, that if she did not receive her medications she was at risk for having seizures.

17. On or about February 5, 2021, while Plaintiff was an inmate at the DuPage County Jail, Defendant Jeremey Schneider handcuffed her ankles, handcuffed her hands behind her back, and secured her ankles to her wrists in a "hog-tie" fashion.

18. After Plaintiff was hogtied, Defendant Jeremey Schneider and/or other correctional officers and staff at the DuPage County Jail cut plaintiff's clothing off from her buttocks up to her head.

19. After Plaintiff was hogtied, Defendant Jeremey Schneider and/or other correctional officers and staff at the DuPage County Jail removed Plaintiff's bra in a violent fashion which caused personal injuries and bruising.

20. After Plaintiff's clothing was removed, she was left in a cell partially naked.

21. On or about February 6, 2021, Plaintiff had multiple seizures.

22. On and after February 6, 2021, Plaintiff vomited on herself repeatedly while she was having seizures.

23. On and after February 6, 2021, and after Plaintiff began having seizures, Plaintiff aspirated on her own vomit.

24. On and after February 6, 2021, and after Plaintiff began having seizures, Plaintiff urinated on herself.

25. On or about February 9, 2021, Plaintiff had to be taken via ambulance to Central DuPage Hospital for emergency medical treatment.

26. At all times relevant to this complaint, Defendant Jeremey Schneider was acting under color of law as a corrections officer of the DuPage County Jail.

27. At no point while Plaintiff was an inmate of the DuPage County Jail did she resist the correctional officers in any way.

28. At no point while Plaintiff was an inmate of the DuPage County Jail did she pose a risk of harm to Defendants or to staff and employees of the DuPage County Jail.

## COUNT 1

### Plaintiff v. Defendant Jeremey Schneider

### Conditions of Confinement, Excessive Use of Force

1-28. Plaintiff incorporates paragraphs 1-28 of her complaint as if fully set forth herein.

29. Plaintiff brings this cause of action against Defendant under 42 U.S.C. 1983 for Defendant's violations of Plaintiff's rights under the Fourteenth and Eighth Amendments of the United States Constitution.

30. On and after February 5, 2021, Defendant used force against Plaintiff in hog-tying her, cutting her clothes off, and removing her bra.

31. Defendant did not have any legitimate reason to use force against Plaintiff.

32. Plaintiff did not pose a threat to Defendant.

33. Plaintiff suffered severe physical and psychological injuries as result of Defendant's use of force.

34. Defendant's use of force was excessive.

35. Defendant's use of force was not a good faith effort to main or restore discipline, but rather was administered maliciously and sadistically to cause harm.

36. Defendant's excessive use of force against Plaintiff from February 5 to February 9, 2021 was a continuing course of misconduct.

4

37. As a direct and proximate cause of Defendant's use of excessive force against Plaintiff, Plaintiff suffered severe injuries and damages, including but not limited to bodily injuries, pain and suffering, emotional distress, loss of normal life, and medical expenses.

WHEREFORE, for all the foregoing reasons, Plaintiff respectfully asks this Honorable Court to enter judgment in her favor and against Defendant, award her reasonable costs and attorneys' fees, prejudgment interest, and any other relief deemed fair and just.

## COUNT 2

**Plaintiff v. Defendants Jeremey Schneider and James Mendrick**

**Conditions of Confinement, Deliberate Indifference to Serious Medical Needs**

1-37. Plaintiff incorporates paragraphs 1-37 of her complaint as if fully set forth herein.

38. Plaintiff brings this cause of action against Defendant under 42 U.S.C. 1983 for Defendant's violations of Plaintiff's rights under the Fourteenth and Eighth Amendments of the United States Constitution.

39. On or about February 5, 2021, and while Plaintiff was an inmate at the DuPage County Jail, Plaintiff had a serious medical need to take her medications to treat her CRPS and fibromyalgia and to avoid having seizures.

40. Between February 5 and February 9, 2021, Plaintiff informed Defendant Jeremey Schneider and other staff and employees at the DuPage County Jail that she needed to take her medications to treat her illnesses and avoid having seizures.

41. Between February 5 and February 9, 2021, Plaintiff's mother called the DuPage County Jail approximately three times per day, and told various staff and employees that Plaintiff needed access to her medications to treat her illnesses and avoid having seizures.

42. Despite Plaintiff first having a seizure on February 6, 2021, she was not taken to a hospital for emergency medical treatment until February 9, 2021.

43. On and after February 5, 2021, a reasonable person would have perceived Plaintiff's medical needs as serious.

44. In addition to being at risk for seizures, Plaintiff suffered from chronic and substantial pain without her medications.

45. Defendants, and other DuPage County jail employees and staff, purposefully allowed Plaintiff to go without her medications.

46. Defendants, and other DuPage County jail employees and staff, purposefully delayed taking Plaintiff to a hospital for emergency medical treatment after she had her first seizure.

47. Defendant Jeremey Schneider knew about Plaintiff's serious medical needs and denied her necessary medical care.

48. Defendant Jeremey Schneider knew facts that showed and proved that Plaintiff's health was in danger.

49. Defendant James Mendrick knew about Plaintiff's serious medical needs and denied her necessary medical care.

50. Defendant James Mendrick knew facts that showed and proved that Plaintiff's health was in danger.

51. From February 5 to February 9, 2021, Defendants were deliberately indifferent to Plaintiff's serious medical needs, in that Defendants:

　(a)　Ignored obvious conditions of Plaintiff's ill-health.

　(b)　Failed to provide treatment for Plaintiff's diagnosed conditions.

6

(c)     Failed to investigate enough to make an informed judgment about Plaintiff's medical needs.

(d)     Delayed in providing Plaintiff the treatment that she needed.

(e)     Interfered with Plaintiff's access to treatment.

52.     Defendants' deliberate indifference to Plaintiff's serious medical needs from February 5 to February 9, 2021 was a continuing course of misconduct.

53.     As a direct and proximate cause of Defendant's use of excessive force against Plaintiff, Plaintiff suffered severe injuries and damages, including but not limited to bodily injuries, pain and suffering, emotional distress, loss of normal life, and medical expenses.

WHEREFORE, for all the foregoing reasons, Plaintiff respectfully asks this Honorable Court to enter judgment in her favor and against Defendants, award her reasonable costs and attorneys' fees, prejudgment interest, and any other relief deemed fair and just.

## COUNT 3

**Plaintiff v. Defendants Jeremey Schneider and James Mendrick**

**Conditions of Confinement, Inhumane and Unsanitary Conditions**

1-53.     Plaintiff incorporates paragraphs 1-53 of her complaint as if fully set forth herein.

54.     Plaintiff brings this cause of action against Defendant under 42 U.S.C. 1983 for Defendant's violations of Plaintiff's rights under the Fourteenth and Eighth Amendments of the United States Constitution.

55.     On February 5, 2021, Plaintiff was hog-tied and stripped partially naked while in the custody of the DuPage County Jail.

56.     On and after February 6, 2021, Plaintiff was left in her own vomit and was not given clean clothing.

7

57. On and after February 6, 2021, Plaintiff was left in her own vomit and urine and was not given sanitary materials or cleaning products to clean herself.

58. Plaintiff's deprivation and lack of her human needs and basic sanitary conditions was obvious and easily observable by Defendants.

59. From February 5 to February 9, 2021, Defendants knew that Plaintiff was being deprived of her basic human needs and harmed and did not respond reasonably.

60. Because Plaintiff was left unattended while having seizures and in her own vomit, Plaintiff aspirated on her own vomit.

61. Defendants, and other DuPage County jail employees and staff, purposefully deprived Plaintiff of her basic human needs and sanitary conditions.

62. Defendant Jeremey Schneider knew that Plaintiff was being deprived of her basic human needs and sanitary conditions, but failed to adequately respond to it in a reasonable manner.

63. Defendant James Mendrick knew that Plaintiff was being deprived of her basic human needs and sanitary conditions, but failed to adequately respond to it in a reasonable manner.

64. From February 5 to February 9, 2021, Defendants purposefully deprived Plaintiff of her basic human needs and sanitary conditions and exposed her to serious harm.

65. Defendants' deprivation of Plaintiff's basic human needs and sanitation was a continuing course of misconduct.

66. As a direct and proximate cause of Defendant's denial of Plaintiff's basic human needs and failure to provide sanitary conditions, Plaintiff suffered severe injuries and damages,

including but not limited to bodily injuries, pain and suffering, emotional distress, loss or normal life, and medical expenses.

WHEREFORE, for all the foregoing reasons, Plaintiff respectfully asks this Honorable Court to enter judgment in her favor and against Defendants, award her reasonable costs and attorneys' fees, prejudgment interest, and any other relief deemed fair and just.

## COUNT 4

### Plaintiff v. Defendant James Mendrick and DuPage County

### *Monell* Claim

1-66. Plaintiff incorporates paragraphs 1-66 of her complaint as if fully set forth herein.

67. On and after February 5, 2021, Defendants had an officially promulgated policy regarding supplying inmates with their prescribed medications that was both unconstitutional on its face and as applied to Plaintiff.

68. Defendants' officially promulgated policy regarding supplying inmates with their medications was unconstitutional because it failed to address the serious medical needs of inmates of the DuPage County Jail and created a risk that corrections officers and staff at the Cook County Jail would be deliberately indifferent to inmates' serious medical needs.

69. On and after February 5, 2021, Defendants' custom and practice regarding supplying inmates with their prescribed medications that was both unconstitutional on its face and as applied to Plaintiff.

70. Defendants' custom and practice regarding supplying inmates with their medications was unconstitutional because it failed to address the serious medical needs of inmates of the DuPage County Jail and created a risk that corrections officers and staff at the Cook County Jail would be deliberately indifferent to inmates' serious medical needs.

71. At all times relevant to this Complaint, Defendants failed to properly train and supervise employees and staff at the DuPage County Jail, and this failure unconstitutional deprived Plaintiff of her rights under the Fourteenth and Eighth Amendments to the United States Constitution.

72. As a direct and proximate cause of Defendants' unconstitutional policies, customs, and practices, Plaintiff suffered severe injuries and damages, including but not limited to bodily injuries, pain and suffering, emotional distress, loss or normal life, and medical expenses.

WHEREFORE, for all the foregoing reasons, Plaintiff respectfully asks this Honorable Court to enter judgment in her favor and against Defendants, award her reasonable costs and attorneys' fees, prejudgment interest, and any other relief deemed fair and just.

## COUNT 5

**Plaintiff v. Defendants Jeremey Schneider and DuPage County**

**Intentional Infliction of Emotional Distress**

1-72. Plaintiff incorporates paragraphs 1-72 of her complaint as if fully set forth herein.

73. At all times relevant to this Count, Defendant Jeremey Schneider was an employee of DuPage County and was acting within the course and scope of his employment.

74. From February 5 to February 9, 2021, Defendant Jeremey Schneider's conduct towards Plaintiff was extreme and outrageous.

75. Defendant Jeremey Schneider knew that there was a high probably that his conduct would cause Plaintiff severe emotional distress.

76. Defendant Jeremey Schneider's conduct directly and proximately caused Plaintiff severe emotional distress.

77. Defendants' infliction of emotional distress was a continuing course of misconduct.

WHEREFORE, for all the foregoing reasons, Plaintiff respectfully asks this Honorable Court to award judgment in her favor and against Defendant, award her reasonable costs and attorneys' fees, prejudgment interest, and any other relief deemed fair and just.

## COUNT 6

### Plaintiff v. Defendant DuPage County

### Indemnification Pursuant to 745 ILCS 10/9-102

1-77. Plaintiff incorporates paragraphs 1-77 of her complaint as if fully set forth herein.

78. 745 ILCS 10/9-102 provides in part that "[a] local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article."

79. Pursuant to 745 ILCS 10/9-102, Plaintiff demands that Defendant DuPage County indemnify Defendant Jeremey Schneider by paying any judgment or settlement, including any award of attorney's fees and costs, for compensatory damages for which Defendant Jeremey Schneider is liable.

WHEREFORE, for all the foregoing reasons, Plaintiff respectfully asks this Honorable Court to enter judgment in her favor and against Defendant, award her reasonable costs and attorneys' fees, prejudgment interest, and any other relief deemed fair and just.

Respectfully Submitted,

By: /s/ ARLO WALSMAN

Arlo Law Office
Attorney for Plaintiff
161 North Clark Street, Suite 2500
Chicago, Illinois 60601
(312) 313-0035
arlo@arlolawoffice.com
Attorney No. 6321684